# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRUCE W. CREAMER,** | **CASE NO. 1:18-CV-0218 AWI SKO** |
| **Plaintiff** | |
| **v.** | **ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE AS FRIVOLOUS AND MALICIOUS** |
| **PAEZ-CIRCUIT JUDGE FOR THE 9TH CIRCUIT CASE NO. #16-17220 UNITED STATES COURT OF APPEALS, et al.,** | |
| **Defendants** | |

## I. Background[1]

Plaintiff Bruce W. Creamer resides at 725 W. San Joaquin Ave. in Tulare, CA. As part of an unspecified business, Plaintiff stored one or more vehicles on his property. The vehicles appear to have been kept in some state of disrepair. At some point in 2013 or 2014, Defendant James Ussery, a code enforcement officer for the City of Tulare, left his business card on Plaintiff's door with a note asking Plaintiff to contact him. On January 13, 2014, Plaintiff received a Notice of Violation of Tulare Municipal Code § 7.28.030, which declares it a nuisance for any person to maintain (or fail to maintain) property under an enumerated list of conditions. The Notice was issued by Defendant Richard Garcia and informed Plaintiff that he had ten days to remedy his violation.

On January 26, 2014, Plaintiff received a letter from Defendant Garcia informing Plaintiff that he had been cited by Defendant Richard Garcia for violating Tulare Municipal Code §

---

[1] This is the second case in federal court filed by Plaintiff regarding an underlying incident that took place on April 18, 2014. Plaintiff's amended complaint appears to presume knowledge of this incident as well as the prior case. To fill in the details, some background facts are borrowed from court orders issued on May 5, 2016 and November 7, 2016 in Civil Case No. 15-0916 DAD EPG, Docs. 13 and 26.

7.28.030(P)(5)(d), which requires that: "Abandoned, dismantled, wrecked, inoperative vehicles, or parts thereof, on private property shall be stored in a completely enclosed building or structure." On January 29, 2014, Plaintiff sent a letter to Defendant Don Dorman, the Tulare city manager, in which he requested a hearing regarding the citation. That request was denied. Two weeks later, on February 13, 2014, Plaintiff received two letters from the Tulare Police Department, which informed him of their intent to abate the nuisance under Tulare Municipal Code § 4.36.010 et seq., which defines the removal procedure for abandoned, wrecked, dismantled, or inoperative vehicles. On February 18, 2014, Plaintiff delivered a letter to the police department, apparently challenging their authority under the Municipal Code to proceed.

On April 18, 2014, Defendants Richard Garcia, Greg Merrill, V. Medina, of the Tulare Police Department and no less than five other individuals arrived at Plaintiff's address. Plaintiff asserts that they drew their firearms and pointed them at him, handcuffed him and put him on the concrete ground, broke into and damaged his garage, and then towed his vehicle(s) away with the assistance of Defendant Action Towing Inc.

On April 22, 2014, the police department mailed Plaintiff receipts for the property that had been confiscated, although Plaintiff contends that not all property was named or included. On April 28, 2014, Plaintiff received a notice from Defendant Action Towing Inc. regarding the placement of a lien on his vehicle(s). Plaintiff returned the form, along with a statement that Action Towing owed him a number of fees, including a $1,400 per week rental fee for holding each of his vehicles and a $75,000 per vehicle charge if any of his property could not be returned.

On May 9, 2014, Plaintiff filed a notice of tort claim with the city clerk. On June 13, 2014, Plaintiff sent Defendant Frank Furtaw, a code enforcement officer, an email requesting unspecified information, but received an automated out of office reply. On July 11, 2014, Plaintiff again sent an email to Defendant Furtaw, but received a reply stating that Furtaw was no longer assigned to code enforcement. Plaintiff sent Furtaw another email informing him that that he would be named in Plaintiff's lawsuit. On July 20, 2014, Plaintiff received a letter from Defendant Garcia referring him to Tulare County Superior Court for an unspecified reason.

On July 30, 2014, Plaintiff emailed Defendant Roxanne Yoder, a city clerk, regarding

information on how to sue the city. The next day, Lori Heeszel, a different city clerk, responded to Plaintiff. On December 23, 2014, an unknown Tulare police officer walked onto Plaintiff's property. Plaintiff asked him to leave, but the officer "stood in defiance" and did not leave. It is unclear what resolved this encounter. Over the next four months, Plaintiff sought various avenues to investigate the Tulare Police Department, first by filing a police report with the Tulare Police Department and later by calling FBI headquarters.

On June 17, 2015, Plaintiff filed suit (Eastern District of California, Fresno Division, Civil Case No. 15-0916 DAD EPG, "First Suit") against the City of Tulare, David Macedo, Don Dorman, Jerry Breckinridge, Richard Garcia, James Ussery, Frank Furtaw, Greg Merrill, V. Medina, Walter Gorelick, Roxanne Yoder, Rosa Moreno, Action Towing, Inc., and an unknown number of Doe defendants, based on claims of excessive force and due process. On December 23, 2015, Magistrate Judge Erica Grosjean dismissed the complaint with leave to amend for failure to state a claim. Plaintiff filed a first amended complaint and then a second amended complaint, both of which were dismissed with leave to amend. Plaintiff filed a third amended complaint. District Court Judge Dale Drozd concluded that amendment would be futile and dismissed the First Suit with prejudice. Plaintiff appealed the dismissal to the Ninth Circuit, Case No. 16-17220. The appeal was heard by Ninth Circuit Court of Appeals Judges Richard Paez, Carlos Bea, and Mary Murguia. The panel affirmed the dismissal; mandate was issued on January 24, 2018.

Plaintiff filed the present suit ("Second Suit") on February 12, 2018 without paying the filing fee. Doc. 1. Magistrate Judge Sheila Oberto issued an order directing him to either pay the filing fee or an application to proceed in forma pauperis. Doc. 2. Plaintiff responded on February 22, 2018 by filing an in forma pauperis application and including an expanded complaint. Doc. 3. The court interprets the filing as an amended complaint which Plaintiff may file as a matter of right under Fed. Rule Civ. Proc. 15(a)(1). In the Second Suit, Plaintiff appears to duplicate his First Suit (raising the same claims against the same defendants) and make additional claims against Judges Paez, Bea, Murguia, and Drozd. Doc. 3.

**II. In Forma Pauperis Framework**

District courts "may authorize the commencement...of any suit, action or proceeding, civil or criminal...without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  A district court "shall dismiss the case at any time if the court determines that...the action...is frivolous or malicious..." 28 U.S.C. § 1915(e)(2)(B)(i).

An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).  However, the "denial of leave to proceed in forma pauperis is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." Rodriguez v. Steck, 795 F.3d 1187, 1188 (9th Cir. 2015).  If a court denies a motion to proceed in forma pauperis because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). Rodriguez, 795 F.3d at 1188.

"A case is malicious if it was filed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), quoting Webster's Third New International Dictionary 1367 (1993).  To analyze maliciousness under Section 1915, a court must "engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendants." Deutsch v. United States, 67 F.3d 1080, 1086 (3rd Cir. 1995).  An action is malicious if it "threatens violence." Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981).


**III. Discussion**

**A. Frivolous**

Plaintiff's amended complaint is comprised of two parts, neither of which states a claim or

can be amended to state a claim. A large part is duplicative of the First Suit which has already been dismissed with prejudice. Res judicata applies to bar relitigation of those claims. The new allegations and claims in the Second Suit are against Defendants Paez, Bea, Murguia, and Drozd for their rulings as judges in the First Suit. Their actions are covered by judicial immunity and so can not form the basis of any claim against them.

**1. Res Judicata**

Under federal law, "[c]laim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2010). Claim preclusion applies when three elements are met: "1) an identity of claims; 2) a final judgment on the merits; and 3) identity or privity between the parties." W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997), citing Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 323-24 (1971). Once res judicata is determined to apply, the merits of the case need not be examined. See Federated Dep't Stores v. Moitie, 452 U.S. 394, 401 (1981) ("The doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case.").

"Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000), quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

The amended complaint in the Second Suit lacks factual detail.[2] Plaintiff does state:

> Plaintiff did pleads factual content in all documents sent to the courts and was criminal blocked by judicial branch government agents (bad behavior of judges) with the denial of 'Due Process' a trial by jury to 'redress grievances' the supreme law of the land.

> Plaintiff pleads factual content that the County of Tulare and the State of California on Apr. 18th, 2014, infringed on the Rights of Plaintiff. Plaintiff CHARGES the target Defendants named above and below; without consent or lawful authority, armed with firearms and other dangerous weapons, that target Defendants committed the Felony act of Armed Robbery by going into and remaining in the structures of Plaintiff's homestead. The bona fide rightful owner, and in doing so committed the criminal action of Forcible Felony, and in doing so did violated Complainant's Right(s) by infringement of the Amendments in the written contract of our Nation Constitution and the State Constitution that are enforceable in a court of law.

Doc. 3, 9:20-10:7. And, in a separate section, he also states:

> Plaintiff as owner of 725 W San Joaquin Ave. tracts of land in the city of Tulare, brought the instant action, under the relief provisions of the Code of Civil Procedure, to test the **validity of a city ordinance**, which, insofar as here material, provides as follows.

> Plaintiff owns real property in the City of Tulare, A.P.N. 175-074-002-000, and seek relief to prevent Defendants from trespassing on private property without proper authority of Law, and to stop Defendants from seizing private property without authority of Law.

> Plaintiffs seek injunctive relief to prevent Defendants from enforcing City Codes which does not allow for trespassing on private property and for the deprivation of private property without 'due process'.

> ....

> They have intimidated real property owners through their Code Enforcement Officers who tells the property owners the City has the right to enforce these Codes and the right to enter onto private real property at any time and take whatever is deemed a nuisance regardless and in violation of the protected State and federal Constitution rights.

> Defendants have conspired to and have used the enforcement of these ordinances and intimidation tactics (domestic terrorism) against Plaintiff, a real property owners in the City of Tulare to trespass upon his property, seize personal property for their own purposes, without compensation, and then criminal extort the property owner for stealing their property.

Doc. 3, 20:8-19 and 21:1-10. In describing the legal claims he wishes to make:

> Bruce Creamer believe that various causes of action exist, both civil and/or

---

[2] Plaintiff makes no attempt to set out the facts that support his claims. It was necessary to consult the First Suit to determine the factual allegations in this case. This lack of sufficient factual detail is another reason why the amended complaint fails to state a claim and must be considered frivolous.

criminal, against target Defendants (the police, code enforcement, judges and/or others).

These include (42 USC 1983 Denial of Rights Under Color of Law, 5th Amendment right to 'due process' of law, Conspiracy, Collusion, Fraud, Obstruction of justice, Abuse of discretion, Intentional emotional distress, Breach of fiduciary duty, Fraud by commission, Fraud by omission, Fraud on the court, False imprisonment, Deprivation of rights, Deprivation of Due Process, Breach of Contract, Breach of Faithful Duty, Breach of Professional Duty, Breach of Public Duty, Breach of Law, Mail fraud, Official misconduct, Criminal negligence, Culpable negligence, Criminal solicitation, Schemes to defraud, Asserting false and fictitious claims, Abuse of process, Simulated legal process under color of law, Fraudulent misrepresentation, Misuse of public office by public officers and employees, Constructive fraud, Fraud in the inducement, Racketeering activities, Domestic terrorism as defined by title 5, 18 and 42 U.S.C. and the California Criminal Codes, Assault, Battery, Breach of oath of office, Trespass to chattels, Trespass vi et armis (trespass with force of arms), Trespass de bonis asportatis (trespass for goods carried away), Trespass ab initio, Trespass on the case, Continuing trespass, Permanent trespass, Joint trespass, Negligence, Complicity and failure to prevent criminal activity, Outrageous conduct, Misprison, Theft of property, Theft of services, Extortion, Coercion, Obstructing of governmental operations, Tampering with government records, Interfering with judicial proceedings, Failure to disclose conflict of interest, Intimidating a witness, Tampering with a witness, and Terrorist threats to law abiding citizens).

Stated as briefly as possible using my Constitution 'Right' of 'Freedom of speech' by the conduct described below target defendant(s) violated Plaintiff Right(s) to be free from unlawful and excessive force guaranteed to all citizens by the Preambles, Articles, and Amendments of the United States Constitution by vindictive prosecution and infringement of right of 'redress of grievances' in a 'jury trial' using 'freedom of speech' which is Plaintiff right to 'due process'.

Doc. 3, 11:4-12:7.  In the First Suit, the court has already determined that Plaintiff failed to state a claim arising out of the events of April 18, 2014 and his attempts to challenge the code enforcement; 42 U.S.C. § 1981, § 1982, § 1983 (including theories of excessive force, illegal search and seizure, and procedural due process), § 1985, and § 1986 were all explicitly examined as potential causes of action. Civil Case No. 15-0916, Docs. 11, 13, 23, and 26.  A large part of the Second Suit is seeking to duplicate the First Suit.  An identity of claims is established.

In Plaintiff's caption, he lists as defendants "DEFENDANTS FROM APPEAL CASE NO. #16-17220 AND ORIGINATING COURT CASE NUMBER (1:15-CV-00916-DAD-EPG FORMERLY CASE #1:15-CV-00916--EPG, #1:15-CV-00916--GSA), NAMED AND UNNAMED.) Doc. 3, 2:7-10.[3]  Thus, for this part of the Second Suit, Plaintiff has named the

---

[3] Additionally, Plaintiff also lists out by name "WALTER GROLICKY SUPERIOR COURT JUDGE; AND CITY OF TULARE, CA. INC. (A MUNICIPAL CORPORATION A COMMON LAW CITY)." Doc. 3, 2:3-6.  Both the

same defendants as in the First Suit. There is privity between the parties.

The First Suit was dismissed with prejudice by the District Court by order of November 7, 2016. "In federal courts, a district court judgment is 'final' for purposes of res judicata." <u>Orion Tire Corp. v. Goodyear Tire & Rubber Co.</u>, 268 F.3d 1133, 1135 n.2 (9th Cir. 2001), citing <u>Tripati v. Henman</u>, 857 F.2d 1366, 1367 & n. 1 (9th Cir. 1988). Further, the dismissal was affirmed by the Ninth Circuit on appeal.

All the elements of res judicata are satisfied. Plaintiff can not pursue claims based on the events of April 18, 2014 and his attempts to challenge the code enforcement because they are barred by res judicata. Because of the nature of res judicata, amendment would be futile. <u>Nunes v. Ashcroft</u>, 348 F.3d 815, 818 (9th Cir. 2003).

**2. Judicial Immunity**

The part of the Second Suit which is new has to do with the handling of the First Suit. Plaintiff has named Judges Paez, Bea, Murguia, and Drozd as defendants for these claims. Plaintiff has stated:

> A federal judge, or any other government official is required as part of the judge's mandatory administrative duties, to receive any offer of information of a federal crime. If that judge blocks such report, that block is a felony under related obstruction of justice statutes, and constitutes a serious offense.

> Upon receiving such information, the judge is then required to make it known to a government law enforcement body that is (not themselves) involved in the federal crime.

Doc. 3, 29:8-15. Plaintiff's allegations involving these defendants concern their judicial conduct. Under these circumstances, they enjoy absolute judicial immunity against each of Plaintiff's claims. <u>Moore v. Brewster</u>, 96 F.3d 1240, 1243-44 (9th Cir. 1996). Because of the nature of judicial immunity, amendment would be futile. <u>Martinez v. Newport Beach City</u>, 125 F.3d 777, 785 (9th Cir. 1997).

---

City of Tulare and Judge Walter Gorelick were named as defendants in the First Suit. Civil Case No. 15-0916, Doc. 1, 1:12-14 and 3:1-4.

**B. Malicious**

In filing his amended complaint, Plaintiff included additional text describing his unhappiness with the in forma pauperis process and judicial procedures in general. Regarding the in forma pauperis process overall, Plaintiff stated:

> Plaintiff again in an attempt to get this handled before Plaintiff has to hunt each and every criminal of prior submitted documents and blow their life away because Plaintiff will shoot at first sight now. Since it seem Plaintiff cannot get the courts to do their duty without corruption and criminal actions! And public official threaten and use force and violence against Plaintiff! Plaintiff wanted this handle at the lowest possible level but the criminal actions of public officials continue to block!
>
> If the corrupt criminal public officials of the court want Plaintiff to pay protection money to guarantee for protecting of Plaintiff constitutional rights to freedom of speech, to redress grievances, in front of a jury of peers then write an order stating just that! Use those words protection money for extortion! So I can hunt you down as the criminal you are!

Doc. 3, 8:11-22. Plaintiff also stated:

> **Important: 'cause of action' dereliction of duty by judges**
> **Meaning that I can go down to any person that I have knowledge of their criminal actions and point the barrel between their eyes and blow the problem away! And the only person to be held accountable is the Judges that are/were action in bad behavior of dereliction of their duty by delaying and infringement of rights!** And since I gave notice and target defendants sent armed gunmen to my home without warrant. I can now just shoot any public official because I know them to be felon armed and dangerous!

Doc. 3, Attachment 4, page 50 of 82, emphasis in original.

These are clear threats of violence directed at the defendants in this case among others. "A case is malicious if it was filed with the 'intention or desire to harm another.'" <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005), quoting Webster's Third New International Dictionary 1367 (1993). As such, the Second Suit must be considered malicious and should be dismissed on that grounds as well. See <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("Section 1915(d) also authorizes immediate dismissal of a complaint appropriately characterized as malicious. A complaint that threatens violence...falls in this category").

**IV. Order**

Plaintiff's amended complaint is frivolous and malicious; it may not be remedied by

amendment.  The case is DISMISSED.  The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   March 26, 2018   

SENIOR  DISTRICT  JUDGE